PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

$\qquad$ *Plaintiff-Appellant,*

v.

MICHAEL JEROME THOMPSON,

$\qquad$ *Defendant-Appellee.*

No. 08-4994

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(5:07-cr-00035-BO-1)

Argued: September 24, 2009

Decided: December 2, 2009

Before NIEMEYER and MICHAEL, Circuit Judges,
and James P. JONES, Chief United States District Judge for
the Western District of Virginia, sitting by designation.

Vacated and remanded for resentencing by published opinion.
Judge Niemeyer wrote the opinion, in which Judge Michael
and Judge Jones joined.

## COUNSEL

**ARGUED**: Anne Margaret Hayes, OFFICE OF THE
UNITED STATES ATTORNEY, Raleigh, North Carolina,

for Appellant. Debra Carroll Graves, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellee. **ON BRIEF:** George E. B. Holding, United States Attorney, Banumathi Rangarajan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellant. Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellee.

## OPINION

NIEMEYER, Circuit Judge:

Michael Jerome Thompson pleaded guilty to possession by a felon of a firearm, in violation of 18 U.S.C. § 922(g)(1). In sentencing Thompson, the district court rejected the government's contention that Thompson's six prior convictions for "breaking or entering," in violation of North Carolina General Statutes § 14-54(a), were "violent felonies" under the Armed Career Criminal Act ("ACCA"), requiring the district court to sentence Thompson to a minimum of 15 years' (180 months') imprisonment. *See* 18 U.S.C. § 924(e). Instead, the court sentenced Thompson to 92 months' imprisonment, prompting the government to file this appeal.

In *United States v. Bowden*, 975 F.2d 1080, 1085 (4th Cir. 1992), we held that a violation of North Carolina General Statutes § 14-54(a) was a violent felony for purposes of ACCA, and we reaffirmed that holding in *United States v. Thompson*, 421 F.3d 278, 284 (4th Cir. 2005). The district court concluded, however, that these precedents were, in effect, overruled by the Supreme Court's decision in *Begay v. United States*, 128 S. Ct. 1581 (2008). Because we disagree, we vacate Thompson's sentence and remand for resentencing in accordance with ACCA.

I

When Thompson called 911 on November 4, 2006, to report that he had been robbed and was in possession of the suspect's firearm, Raleigh, North Carolina police responded to the call, finding Thompson in a parking lot with a sawed-off shotgun and shotgun shells lying on the ground next to him. The officers learned that Thompson was a convicted felon with an outstanding warrant and took him into custody. Thompson then admitted to fabricating the robbery report and told the officers that he had purchased the gun for protection. Because he knew that he could not legally possess a firearm, he stated, he called the police, through his 911 call, to relinquish it.

The indictment filed against Thompson not only charged him with illegal possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), but also gave him notice that he had three previous convictions for "violent felonies," as defined in 18 U.S.C. § 924(e)(2)(B). Thompson pleaded guilty to the § 922(g)(1) charge without a plea agreement.

In the presentence investigation report, the probation officer found that Thompson qualified as an "armed career criminal" under ACCA, based on Thompson's six prior North Carolina convictions for felony "breaking or entering," in violation of N.C. Gen. Stat. § 14-54(a). Four of the convictions involved breaking into businesses and two involved breaking into residences. The presentence report, applying the Sentencing Guidelines, calculated Thompson's sentencing range as 188 to 235 months' imprisonment, with a mandatory minimum sentence of 180 months' imprisonment. Without application of the enhancement under ACCA, the sentencing range was 92 to 115 months' imprisonment.

At sentencing, Thompson objected to his classification as an armed career criminal, arguing that the holding in *Thompson*, 421 F.3d at 284, that a violation of N.C. Gen. Stat. § 14-

54(a) was a violent felony for purposes of ACCA, had been abrogated by the Supreme Court's decision in *Begay*. Thompson's counsel stated, "*Begay* has established a new landscape . . . [and] has limited what can be considered a violent felony."

The district court accepted Thompson's argument that under *Begay* all violent felonies must have "an element that demonstrates the likelihood that an assailant would come in contact with another person." The district court also reasoned that because North Carolina had a separate statute for "burglary," a violation of § 14-54(a) for "breaking or entering" could not be considered a "burglary" conviction for purposes of 18 U.S.C. § 924(e). The district court sentenced Thompson to 92 months' imprisonment, the low end of the range provided by the Sentencing Guidelines.

The United States appealed, contending that *Bowden* and *Thompson* were not abrogated or effectively overruled by *Begay* and that the district court was required to sentence Thompson as an armed career criminal under § 924(e) to a minimum of 180 months' imprisonment.

II

Thompson's conviction under 18 U.S.C. § 922(g)(1) subjects him to the possibility of the sentencing enhancement in ACCA, which provides in relevant part:

> In the case of a person who violates § 922(g) of this title and has three previous convictions . . . for a violent felony . . . , such person shall be . . . imprisoned not less than 15 years . . . .

18 U.S.C. § 924(e)(1). ACCA defines "violent felony" as a crime punishable by a term of imprisonment exceeding one year that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 924(e)(2)(B). The government contends that Thompson's six prior convictions for "breaking or entering," in violation of N.C. Gen. Stat. § 14-54(a), are burglaries and therefore violent felonies within the meaning of ACCA, relying on our decisions in *Bowden* and *Thompson*, which so held.

Thompson agrees that before *Begay*, he would have been sentenced as an armed career criminal under § 924(e). But he maintains that after *Begay*, our decisions in *Bowden* and *Thompson* are no longer viable. According to Thompson, after *Begay*, it is no longer sufficient to conclude simply that an offense is "burglary," even though burglary is listed as a predicate offense in ACCA. Rather, he argues that a sentencing court must find additionally that the predicate offense was (1) "purposeful, violent, and aggressive," *Begay*, 128 S. Ct. at 1586; and (2) "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii). Because a violation of the North Carolina breaking or entering statute is not necessarily violent and aggressive and does not necessarily present a serious potential risk of injury to another,* it cannot, he maintains, serve as a predicate offense for purposes of ACCA.

---

*The North Carolina breaking or entering statute provides that "[a]ny person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon." N.C. Gen. Stat. § 14-54(a). It defines "building" to include "any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property." *Id.* § 14-54(c).

ACCA defines a violent felony to include "burglary," and the Supreme Court has construed "burglary" in the statute to include "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). In *Bowden*, 975 F.2d at 1085, we held that a violation of N.C. Gen. Stat. § 14-54(a) meets the *Taylor* definition, and in *Thompson*, 421 F.3d at 284, we reached the same conclusion. The question before us now is whether *Begay* overruled this jurisprudence.

In *Begay*, the Supreme Court held that a felony conviction for driving under the influence of alcohol (having an alcohol concentration of .08 or more in the blood), in violation of New Mexico law, N.M. Stat. Ann. § 66-8-102, was not a violent felony for purposes of ACCA. Applying the categorical approach articulated in *Taylor*, the Court concluded that a drunk-driving conviction under the New Mexico statute did not have as an element "the use, attempted use, or threatened use of physical force against the person of another," as required in § 924(e)(2)(B)(i), and that it did not "involve[] conduct that presents a serious potential risk of physical injury to another," as required in § 924(e)(2)(B)(ii). In reaching the conclusion that the drunk-driving violation did not satisfy paragraph (B)(ii), the Court held that a crime qualifying under (B)(ii) would have to be "roughly similar, in kind as well as in degree of risk posed," to the example crimes explicitly listed in the paragraph—burglary, arson, extortion, and crimes involving the use of explosives. *Begay*, 128 S. Ct. at 1585. Extrapolating the essence of the example crimes, the Court concluded that to qualify as a predicate offense for the ACCA enhancement, any *other* crime had to be characterized as "purposeful, violent, and aggressive." *Id.* at 1586. Thus, as the Court summarized, § 924(e)(2)(B)(ii) "covers a felony that is *one of the example crimes 'or* otherwise involves conduct that presents a serious potential risk of physical injury.'" *Id.*

(emphasis added; Court's emphasis omitted) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).

In *Begay*, therefore, the Court held that the example crimes listed in ACCA limit the nature of other crimes that can qualify as ones presenting a serious potential risk of injury. The Court did not use the language defining other crimes presenting a serious potential risk of injury to limit the example crimes. Stated otherwise, the *Begay* Court required that for a crime *other* than the example crimes to qualify as a violent felony, the other crime must be "similar" to the example crimes, thus confirming that the example crimes are themselves qualifying predicate crimes under ACCA. 128 S. Ct. at 1585-86. And as to the example crimes, the Court recognized the continuing viability of the generic definition of "burglary" as that term is used in § 924(e)(2)(B)(ii) by explicitly and approvingly restating *Taylor*'s definition of burglary in ACCA as "an unlawful or unprivileged entry into a building or other structure with intent to commit a crime." *Begay*, 128 S. Ct. at 1586 (internal quotation marks omitted).

It is pellucidly clear that the *Begay* Court did not abandon its holding in *Taylor*, nor even temper it, but rather used it as part of its analysis to define what crimes *other* than the example crimes qualify as predicate crimes under ACCA.

An analysis of the language of ACCA itself confirms this conclusion. The statute provides that a qualifying crime "*is* burglary . . . *or*" any *other crime* that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). The list in paragraph (B)(ii) is in the disjunctive so that if a conviction is for burglary or one of the other example crimes, it qualifies, without more, as a violent felony. On the other hand, if the conviction is for any other crime, the other crime must, under *Begay*, have the risk characteristics of burglary, arson, extortion, and crimes involving the use of explosives. As for defining burglary itself, the *Begay* Court continued to understand

burglary as defined in *Taylor*, repeating the *Taylor* definition. *See Begay*, 128 S. Ct. at 1586.

In *Bowden* and *Thompson*, we applied the *Taylor* definition of burglary to the North Carolina statute in question here and concluded that the North Carolina statute criminalizes conduct categorically meeting the definition—an unlawful entry into a building or other structure with intent to commit a crime. *See Bowden*, 975 F.2d at 1084-85; *Thompson*, 421 F.3d at 284. Those precedents continue to be viable even after *Begay* for the same reasons that *Taylor* remains viable. It was therefore error for the district court to have concluded otherwise.

Thompson also contends that enhancing his sentence pursuant to ACCA would violate his Sixth Amendment right to have a jury decide facts that enhance his punishment. This argument, however, was considered and rejected by us in *Thompson*, where we held that because the defendant's convictions for violating N.C. Gen. Stat. § 14-54(a) were predicate offenses as a *matter of law*, the court's resolution of that legal issue did not violate the Sixth Amendment. *Thompson*, 421 F.3d at 283-84; *see also id.* at 285 ("The Sixth Amendment requires that facts necessary for a given sentence (other than a prior conviction) be found by a jury. But *Blakely*, *Booker*, and *Shepard* do not, of course, transmogrify what have always been questions of law into questions of fact").

In sum, the Supreme Court's decision in *Taylor* and our decisions in *Bowden* and *Thompson* remain controlling law, even after the Supreme Court's decision in *Begay*, and when applied, a North Carolina conviction for "breaking or entering" under North Carolina General Statutes § 14-54(a) is, as a matter of law, a "violent felony" within the meaning of ACCA. Accordingly, we vacate Thompson's sentence in this case and remand with instructions that Thompson be resentenced in accordance with ACCA.

*VACATED AND REMANDED FOR RESENTENCING*