**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4913**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

MARVIN BARNETTE,

                Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Martin K. Reidinger, District Judge.  (3:08-cr-00124-MR-1)

Submitted:  September 30, 2010        Decided:  October 7, 2010

Before NIEMEYER, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ross H. Richardson, Assistant Federal Defender, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Barnette pled guilty to possession of a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Barnette to 180 months imprisonment, the mandatory minimum sentence under the statute. Barnette's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether Barnette was properly sentenced as an armed career criminal. Barnette was advised of his right to file a supplemental pro se brief, but has not done so. Finding no reversible error, we affirm.

Barnette challenges the determination that he be sentenced as an armed career criminal due to his North Carolina convictions for breaking or entering under North Carolina General Statutes § 14-54(a) (2009). A person who violates 18 U.S.C. § 922(g)(1) and has three prior convictions for a violent felony offense qualifies as an armed career criminal and is subject to a minimum sentence of fifteen years. 18 U.S.C. § 924(e)(1) (2006). This court has previously held that "a North Carolina conviction for 'breaking or entering' under North Carolina General Statutes § 14-54(a) is, as a matter of law, a 'violent felony' within the meaning of ACCA." United States v. Thompson, 588 F.3d 197, 202 (4th Cir. 2009), cert. denied, 130

2

S. Ct. 1916 (2010). Accordingly, we affirm the district court's determination that Barnette qualified as an armed career criminal.

The district court further considered Barnette's individual circumstances and granted a downward variance from the applicable guideline range to 180 months, the statutory minimum sentence for an armed career criminal. We conclude that this sentence was reasonable and therefore affirm the sentence. See Gall v. United States, 552 U.S. 38, 51 (2007); see United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010).

We have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Barnette, in writing, of the right to petition the Supreme Court of the United States for further review. If Barnette requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Barnette. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED