**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4331**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

BOBBY WAYNE WILKINS,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (7:09-cr-00058-D-1)

Submitted:  February 23, 2011      Decided:  March 15, 2011

Before GREGORY, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Ethan A. Ontjes, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Wayne Wilkins appeals the 210-month sentence imposed by the district court under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006), following a guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2006). On appeal, Wilkins contends that the district court erred in finding that his three prior North Carolina convictions for breaking and entering, in violation of N.C. Gen. Stat. § 14-54(a) (2009), qualified as predicate offenses for purposes of the ACCA. Wilkins also contends that the 210-month within-guideline-range sentence is substantively unreasonable because it is greater than necessary to achieve the purposes of sentencing. We affirm.

We review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the advisory sentencing guidelines range. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Although our determination of whether the ACCA enhancement applies involves review for procedural error, we review de novo the district court's determination that Wilkins's three prior North Carolina convictions for breaking and entering qualified as predicate ACCA offenses. See United

2

States v. Carr, 592 F.3d 636, 639 n.4 (4th Cir.), cert. denied, 131 S. Ct. 82 (2010); United States v. Wright, 594 F.3d 259, 262-63 (4th Cir.), cert. denied, 131 S. Ct. 507 (2010). If we are satisfied that no procedural error occurred in the setting of a defendant's sentence, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 552 U.S. at 51.

Wilkins argues that his prior convictions for breaking and entering do not qualify as predicate ACCA offenses because the crimes did not involve purposeful and aggressive conduct. Wilkins acknowledges that this argument has been foreclosed by our decision in United States v. Thompson, 588 F.3d 197 (4th Cir.), cert. denied, 130 S. Ct. 1916 (2010), but requests a change in the law as a result of the Supreme Court's decision in Begay v. United States, 553 U.S. 137 (2008). As we explained in Thompson, Begay does not alter our finding that a North Carolina conviction for breaking and entering qualifies as a predicate ACCA offense. Thompson, 588 F.3d at 201-02. Accordingly, we conclude that the district court did not err in finding that Wilkins's prior offenses qualified as predicate offenses and properly calculated his guideline range.

We next consider the substantive reasonableness of Wilkins's sentence. We presume that a sentence within a properly calculated guideline range is reasonable. United

3

States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). We have reviewed the record and conclude that the within-guideline-range sentence that Wilkins received is substantively reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED