**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4873**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ROBERT L. GILLIKIN,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:09-cr-01340-PMD-1)

Submitted:  March 23, 2011            Decided:  April 11, 2011

Before MOTZ, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cameron  J.  Blazer,  Assistant  Federal  Public  Defender,
Charleston, South Carolina, for Appellant.  Robert Nicholas
Bianchi, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert L. Gillikin pled guilty to possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1) (2006), and possession of stolen firearms, in violation of 18 U.S.C. § 922(j) (2006). The district court sentenced Gillikin as an armed career criminal to a 235-month term of imprisonment. Gillikin's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning the adequacy of the Fed. R. Crim. P. 11 hearing and the district court's designation of Gillikin as an armed career criminal. Gillikin was informed of his right to file a pro se supplemental brief, but he did not do so. We affirm.

Counsel challenges the adequacy of the Rule 11 hearing, but she points to no specific error. Because Gillikin did not move in the district court to withdraw his guilty plea, our review is for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Gillikin "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009).

Although the district court did not discuss specifically that it must consider the 18 U.S.C. § 3553(a) (2006) factors in fashioning a sentence, as required by Fed. R.

2

Crim. P. 11(b)(1)(M), we conclude that this omission did not affect Gillikin's substantial rights.  See Massenburg, 564 F.3d at 343 (providing standard).  Moreover, the district court otherwise complied with Rule 11 in accepting Gillikin's guilty plea and ensured that the plea was knowing and voluntary and supported by a sufficient factual basis.  United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Counsel also questions whether the district court properly determined that Gillikin had three predicate convictions for violent felonies qualifying Gillikin as an armed career criminal under 18 U.S.C. § 924(e) (2006).  Because Gillikin did not object at sentencing to his classification as an armed career criminal, our review is for plain error.  See Massenburg, 564 F.3d at 342-43.  In the sentencing context, Gillikin must demonstrate "that he would have received a lower sentence had the error not occurred."  United States v. Hargrove, 625 F.3d 170, 184-85 (4th Cir. 2010) (internal quotation marks omitted).

Our review of the record leads us to conclude that, applying a modified categorical approach, see Taylor v. United States, 495 U.S. 575, 602 (1990), Gillikin had three qualifying predicate convictions for violent felonies, as defined by § 924(e)(2)(B).  Specifically, Gillikin was convicted in 1993 of burglarizing two different residences several days apart, and

3

these convictions constitute two separate predicate offenses for purposes of § 924(e).  See United States v. Thompson, 421 F.3d 278, 285 (4th Cir. 2005) (holding that "the term 'occasion' under [§ 924(e)] necessarily includes burglaries . . . , which were committed on distinct days in separate towns in different homes").  Gillikin also was convicted in 1989 of burglary of a residence.  Although the presentence report did not indicate the source the probation officer relied to conclude that the conviction was a violent felony, see Shepard v. United States, 544 U.S. 13, 20-21 (2005) (discussing documents courts may consider), the district court "was entitled to rely upon the [presentence report] because it bears the earmarks of derivation from Shepard-approved sources such as the indictments and state-court judgments from his prior convictions, and, moreover, [Gillikin] never raised the slightest objection either to the propriety of its source material or to its accuracy."  Thompson, 421 F.3d at 285.  Thus, the district court properly sentenced Gillikin as an armed career criminal.[*]

---

[*] We note that the presentence report indicated Gillikin had a prior conviction for breaking and entering into a residence in North Carolina, which also qualified as a predicate violent felony conviction.  See United States v. Thompson, 588 F.3d 197, 202 (4th Cir. 2009), cert. denied, 130 S. Ct. 1916 (2010); Thompson, 421 F.3d at 283-84 (same).

We have examined the entire record in accordance with the requirements of <u>Anders</u> and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Gillikin, in writing, of the right to petition the Supreme Court of the United States for further review. If Gillikin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gillikin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>