<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5227**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

CHAD BERNARD CUMMINGS,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:10-cr-00161-BO-2)

Submitted: August 17, 2011      Decided: August 25, 2011

Before KING, WYNN, and DIAZ, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Jorgelina E. Araneda, ARANEDA LAW FIRM, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chad Bernard Cummings pled guilty to conspiracy to receive, conceal, and possess stolen mail in violation of 18 U.S.C. § 371 (2006), and was sentenced to a term of twenty-four months' imprisonment. Cummings appeals his sentence, contending that (1) the court erred in determining his criminal history score under U.S. Sentencing Guidelines Manual § 4A1.1(e) and § 4A1.2(d)(1) (2010); and (2) the sentence was unreasonable because the court misapplied the Guidelines and failed to explain its reasons for imposing a sentence within the Guidelines range. For the reasons explained below, we affirm the district court's determination of the Guidelines range, but vacate the sentence and remand for resentencing.

Cummings first argues that § 4A1.1(e) was inapplicable because his North Carolina "breaking or entering" offenses under N.C.G.S. § 14-54(a) (LexisNexis 2009) were not crimes of violence.[1] An issue that turns primarily on a legal

---

[1] Because Cummings did not make this specific argument in the district court, the government argues that the issue should be reviewed for plain error. United States v. Olano, 507 U.S. 725, 732-37 (1993). Similarly, Cummings did not argue, and the district court did not address, the question of whether the prior convictions were adult convictions, which the record shows they were. However, Cummings preserved his claim of error in the calculation of his criminal history score, and we may affirm the application of § 4A1.1(e) under either the de novo or plain error standard of review.

2

interpretation of the Guidelines is reviewed de novo. United States v. Kinter, 235 F.3d 192, 195 (4th Cir. 2000). Cummings attempts to distinguish United States v. Thompson, 421 F.3d 278 (4th Cir. 2005) (Thompson I) (holding that a North Carolina breaking or entering conviction is a "violent felony" under 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2011), the Armed Career Criminal Act (ACCA)),[2] on the ground that, in his case, the prior convictions were crimes of violence, not violent felonies. However, this circuit's "precedents evaluating the ACCA apply with equal force to U.S.S.G. § 4B1.2," which defines crimes of violence. United States v. Jarmon, 596 F.3d 228, 231 n.* (4th Cir.), cert. denied, 131 S. Ct. 145 (2010). In addition, Cummings' prior sentences were adult sentences of imprisonment for more than one year and one month. Therefore, the criminal history calculation properly began with § 4A1.1(a), as directed in § 4A1.2(d)(1), which deals with offenses committed prior to age eighteen. Because the breaking and entering sentences and the burglary sentences were imposed on the same day, they were all properly counted under § 4A1.1(e). See USSG § 4A1.2(a)(2)(B). In these circumstances, although Cummings

---

[2] We recently reaffirmed our decision in Thompson I. See United States v. Thompson, 588 F.3d 197 (4th Cir. 2009) (Thompson II) (holding that Thompson I remains controlling law after Begay v. United States, 553 U.S. 137 (2008)), cert. denied, 130 S. Ct. 1916 (2010).

contends that the court should have applied USSG § 4A1.2(d)(2), that subsection did not apply. Thus, the court did not err in overruling Cummings' objection to the criminal history calculation.

Cummings argues that his sentence is unreasonable because the district court gave no explanation for its decision to impose a twenty-four-month sentence, within the Guidelines range of 21-27 months, even though he requested a sentence of time served or probation and the government asked for a sentence at the low end of the range. Because Cummings argued for a lower sentence than the one imposed, he preserved this issue, and review is for abuse of discretion. United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010).

A district court commits procedural error in sentencing when it fails "to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51 (2007). In evaluating the district court's explanation of the sentence imposed, we have held that, while the district court must consider the 18 U.S.C. § 3553(a) (2006) factors and explain the sentence, it need not explicitly refer to § 3553(a) or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must make an individualized assessment based on the facts presented" and apply the "relevant § 3553(a) factors to the specific

4

circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (citation, internal quotation marks, and emphasis omitted). The district court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" us that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id. (citations and internal quotation marks omitted). The reasons given by the district court need not be "couched in the precise language of § 3553(a)," as long as the reasons "can be matched to a factor appropriate for consideration under that statute and [are] clearly tied to [the defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).

In this case, the district court gave no explanation for its chosen sentence and did not address Cummings' arguments for a sentence below the Guidelines range. The court thus erred, frustrating appellate review, and the error is not harmless. Consequently, Cummings' sentence was procedurally unreasonable.

We therefore affirm the district court's determination of Cummings' criminal history category and Guidelines range. However, we vacate the sentence and remand for resentencing in accordance with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented

5

in the materials before the court and argument would not aid the
decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
