**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4270**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERRY VERNON ADAMS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:09-cr-01365-RBH-1)

Submitted:  November 29, 2011       Decided:  December 15, 2011

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew  M.  Robinson,  ROBINSON  &  BRANDT,  P.S.C.,  Covington,
Kentucky,  for  Appellant.    William  N.  Nettles,  United  States
Attorney,  Robert  F.  Daley,  Jr.,  Alfred  W.  Bethea,  Jr.,  Assistant
United  States  Attorneys,  Columbia,  South  Carolina,  for  Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Vernon Adams pled guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, 18 U.S.C. § 922(g) (2006), and was sentenced as an armed career criminal, 18 U.S.C. § 924(e)(1) (2006), to 180 months in prison. Adams appeals, claiming that his prior convictions for (1) assault and battery of a high and aggravated nature ("ABHAN"); (2) discharging a firearm into a dwelling; (3) felony breaking or entering; and (4) burglary in the second degree should not have been counted as predicate felonies for armed career criminal purposes. We affirm.

A defendant is an armed career criminal when he violates § 922(g)(1) and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). A violent felony is one "that has as an element the use, attempted use, or threatened use of physical force against the person of another . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B); U.S. Sentencing Guidelines Manual § 4B1.2 (a) (2010).

To decide whether a prior conviction constitutes a violent felony, the district court generally must use a categorical approach. James v. United States, 550 U.S. 192, 202 (2007); Shepard v. United States, 544 U.S. 13, 19-20 (2005);

2

United States v. Kirksey, 138 F.3d 120, 124-25 (4th Cir. 1998). Under this approach, the court may "rel[y] only on (1) the fact of conviction and (2) the definition of the prior offense." Kirksey, 138 F.3d at 124. In a limited class of cases, however, where the definition of the underlying crime encompasses both violent and non-violent conduct, "a sentencing court may use a modified categorical approach to look beyond the fact of the conviction and the elements of the offense to determine which category of behavior underlies the prior conviction." United States v. Donnell, ___F.3d___, 2011 WL 5101566 (4th Cir. 2011), at *2 (citing Johnson v. United States, ___U.S.___, 130 S. Ct. 1265, 1273 (2010)). When the conviction results from a guilty plea, "a court may look to the statement of factual basis for the charge shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea." Donnell, 2011 WL 5101566, at *2 (quoting Shepard, 544 U.S. at 20 (citation omitted)); see also United States v. Harcum, 587 F.3d 219, 223 (4th Cir. 2009).

Adams argues that his South Carolina ABHAN conviction should not have been considered a violent felony. We need not resolve this issue because we find that Adams had more than the requisite number of violent felony convictions to be sentenced as an armed career criminal.

3

Applying the modified categorical approach, the district court appropriately concluded that Adams' conviction for discharging a firearm into a dwelling constituted a violent crime. The indictment charged that Adams "willfully and unlawfully discharge[d] and cause[d] to be discharged a certain firearm at and into a house, occupied as a dwelling." Adams pled guilty to the charge "as indicted." We find that this offense involved conduct that presented a "serious potential risk of physical injury to another," within the meaning of the ACCA. With respect to Adams' conviction for felony breaking or entering, the district court properly found that this conviction qualifies categorically as a violent felony. See United States v. Thompson, 588 F.3d 197 (4th Cir. 2009) (holding that North Carolina felony breaking or entering offense qualifies as a violent felony for purposes of ACCA), cert. denied, 130 S. Ct. 1916 (2010).

The district court also properly applied the modified categorical in determining that Adams' conviction for second degree burglary qualified as a violent felony. Moreover, Adams also had four other separate qualifying burglaries in the second degree not counted by the district court.

Because Adams had at least three prior violent felony convictions, he was properly sentenced as an armed career criminal. Accordingly, we affirm his sentence. We dispense

4

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED