**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4300**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JACKIE CLARK,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:06-cr-00035-RLV-DCK-14)

Submitted:  September 25, 2012    Decided:  October 10, 2012

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John J. Cacheris, LAW OFFICE OF JOHN J. CACHERIS, P.C., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jackie Clark appeals the 240-month downward variant sentence imposed upon him after the disposition of his initial direct appeal, in which we affirmed his convictions but vacated his sentence and remanded his case to the district court for resentencing in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Clark's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he could identify no meritorious issues for appeal, but questions whether the district court properly designated Clark as a career offender.

This Court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We first ensure that the district court committed no significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C. § 3553(a) (2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. If no procedural error was committed, we review the sentence for substantive reasonableness, taking into account the "totality of the circumstances." Id. A sentence that falls within or below a properly calculated Guidelines range is presumptively

2

reasonable.  United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

As Clark's counsel correctly observes, the district court did not err in designating Clark as a career offender, because both of his predicate convictions were felony crimes of violence resulting in Clark's incarceration less than fifteen years prior to his commencement of the instant offenses.  See United States v. Thompson, 588 F.3d 197, 202 (4th Cir. 2009); U.S. Sentencing Guidelines Manual §§ 4A1.2(k)(2)(A), 4B1.A(a), 4B1.2 cmt. n.1.  Likewise, our review of the record convinces us that Clark's sentence is otherwise reasonable.  We discern no error with respect to the district court's computation of the applicable Guidelines range, the opportunities the court provided Clark and his counsel to speak in mitigation, or the court's explanation of the sentence imposed by reference to the factors enumerated in § 3553(a).  Nor does the record demonstrate any reason to disturb the presumptive substantive reasonability of Clark's below-Guidelines sentence.  Susi, 674 F.3d at 289.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the judgment of the district court. This Court requires that counsel inform Clark, in writing, of the right to petition the Supreme Court of the United States for

3

further review.  If Clark requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Clark.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED