**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4589**

———————

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

KIMBLE DWEESE JONES,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, Chief District Judge.   (5:11-cr-00196-D-1)

———————

Submitted:  March 20, 2013            Decided:  March 25, 2013

———————

Before MOTZ, GREGORY, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kimble Dweese Jones pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced him to 210 months of imprisonment. Jones now appeals. In accordance with Anders v. California, 386 U.S. 738 (1967), Jones' attorney has filed a brief certifying that there are no meritorious issues for appeal but questioning whether breaking and entering is a qualifying predicate violent felony for Armed Career Criminal Act ("ACCA") purposes, whether Jones' sentence violated the Sixth Amendment because the court increased the term of imprisonment based on facts not proven beyond a reasonable doubt, and whether the ACCA's current definition of a "violent felony" is unconstitutionally vague. Jones received notice of his right to file a supplemental pro se brief, but has not done so. Finding no error, we affirm.

First, counsel asks this court to reconsider our decision in United States v. Thompson, 588 F.3d 197 (4th Cir. 2009), which forecloses any argument that a North Carolina breaking and entering offense does not constitute a crime of violence for ACCA purposes. In Thompson, we held that "a North Carolina conviction for breaking and entering . . . is, as a matter of law, a violent felony within the meaning of ACCA." Thompson, 588 F.3d at 202 (internal quotation marks omitted).

This court has rejected Jones' argument, and a panel cannot overrule a prior panel decision of this court. Watkins v. SunTrust Mortg., Inc., 663 F.3d 232, 241 (4th Cir. 2011) (internal quotation marks omitted).

Jones next argues that his sentence as an armed career criminal violated his Sixth Amendment rights because his sentence was imposed based on uncharged facts about a prior conviction and was not proven beyond a reasonable doubt. However, we have consistently rejected this argument. United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir. 2005); see also United States v. Thompson, 421 F.3d 278, 283 (4th Cir. 2005).

Finally, Jones contends that, in the wake of the Supreme Court's decisions in Begay v. United States, 553 U.S. 137 (2008), and Chambers v. United States, 555 U.S. 122 (2009), the definition of a "violent felony" does not provide the "constitutionally required notice of proscribed conduct nor clarity of legislation necessary to prevent arbitrary enforcement and sentencing." In United States v. Hudson, 673 F.3d 263, 268-69 (4th Cir. 2012), cert. denied, 133 S. Ct. 207 (2012), Hudson raised the issue of whether the residual clause under 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally vague. We noted that the issue was waived because it was not raised in the opening brief. Nevertheless, we stated that

> notwithstanding [Hudson's] waiver, the Supreme Court has consistently declined to find the residual clause void for vagueness. Most recently in Sykes v. United States, 131 S. Ct. 2267 (2011), the Court noted that although ACCA's general and qualitative approach to defining violent felonies may at times be more difficult for courts to implement, it is within congressional power to enact.

673 F.3d at 268-69 (quoting Sykes, 131 S. Ct. at 2277) (internal quotation marks omitted). Likewise, the court in United States v. Hart, 674 F.3d 33, 41 n.3 (1st Cir. 2012), rejected the argument that the residual clause is unconstitutionally vague, citing James v. United States, 550 U.S. 192, 210 n.6 (2007). See also United States v. Gore, 636 F.3d 728, 742 (5th Cir. 2011) (same). Thus, this argument is without merit.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Therefore, we affirm Jones' conviction and sentence. This court requires counsel to inform Jones, in writing, of his right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed but counsel believes such petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED