**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4173**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONNIE GRAY WESTMORELAND,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:12-cr-00101-NCT-1)

Submitted:  September 30, 2013        Decided:  October 10, 2013

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Andrew C. Cochran, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie Gray Westmoreland was convicted after a jury trial of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). The district court sentenced Westmoreland to 235 months' imprisonment. On appeal, Westmoreland asserts that: (1) the district court erred in denying his motion to suppress statements made to law enforcement officers; (2) the evidence was insufficient to sustain a conviction; (3) his 235-month sentence is unreasonable; (4) the district court erred in sentencing him pursuant to the Armed Career Criminal Act ("ACCA"); and (5) § 922(g)(1) exceeds Congress' authority under the Commerce Clause. For the following reasons, we affirm.

**(1) Motion to Suppress.** Westmoreland first contends that the district court erred in denying the motion to suppress because he was entitled to, but did not receive, Miranda warnings, see Miranda v. Arizona, 384 U.S. 436 (1966), during questioning by law enforcement. We review factual findings underlying the district court's denial of a motion to suppress for clear error and its legal conclusions de novo, United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011), in the light most favorable to the government, United States v. Farrior, 535 F.3d 210, 217 (4th Cir. 2008).

"Statements obtained from [a] defendant during custodial interrogation are presumptively compelled," in violation of the Fifth Amendment, unless the government shows "that law enforcement officers (1) adequately informed the defendant of his Miranda rights and (2) obtained a waiver of those rights." United States v. Cardwell, 433 F.3d 378, 388-89 (4th Cir. 2005) (footnote omitted). To determine whether a defendant was in custody for Miranda purposes, courts are to determine "first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave." Thompson v. Keohane, 516 U.S. 99, 112 (1995) (footnote omitted). In other words, "[a]n individual is in custody when, under the totality of the circumstances, a suspect's freedom from action is curtailed to a degree associated with formal arrest." United States v. Colonna, 511 F.3d 431, 435 (4th Cir. 2007) (internal quotation marks omitted).

The testimony presented at the suppression hearing establishes that police officers encountered Westmoreland at a private residence, that Westmoreland agreed to speak with an officer, and that he followed the requesting officer into the kitchen for a relatively brief conversation. There is no evidence that the officers limited Westmoreland's freedom of

3

movement in any way or drew their firearms, and the record reflects that the officer who spoke to Westmoreland did so in a cordial and non-threatening tone of voice. Because a reasonable person in Westmoreland's position would have understood that he was free to leave and was not in custody, the district court did not err in denying Westmoreland's motion to suppress.

**(2) Sufficiency of the Evidence.** Westmoreland next contends that without fingerprint or DNA evidence from the firearm, insufficient evidence supported his conviction. "A defendant challenging the sufficiency of the evidence . . . bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). We will uphold the jury's verdict "if, viewing the evidence in the light most favorable to the government, it is supported by substantial evidence." United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). In reviewing for substantial evidence, we consider both circumstantial and direct evidence and allow the government all reasonable inferences from the facts shown to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008).

4

"To show a § 922(g)(1) violation, the government must prove three elements: (i) that the defendant was a convicted felon at the time of the offense; (ii) that he voluntarily and intentionally possessed a firearm; and (iii) that the firearm traveled in interstate commerce at some point." United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001) (internal quotation marks omitted). Our review of the trial evidence convinces us that sufficient evidence supports Westmoreland's conviction.[*]

**(3) Sentence.** Westmoreland next asserts that his 235-month sentence is unreasonable. Specifically, Westmoreland contends that the district court erred in failing to properly consider the factors set forth in 18 U.S.C. § 3553(a) (2006). We review a sentence for reasonableness, applying a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. Procedurally, after determining whether the district court correctly calculated the advisory Guidelines range, we must decide whether the court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and

---

[*] The parties stipulated to Westmoreland's status as a convicted felon.

sufficiently explained the selected sentence. United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Once we have determined that the sentence is free of significant procedural error, we then review its substantive reasonableness, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only when the defendant demonstrates "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In this case, the district court correctly calculated and considered the advisory Guidelines range and heard argument from counsel and allocution from Westmoreland. The district court considered the § 3553(a) factors and explained that the within-Guidelines sentence of 235 months' imprisonment was warranted in light of Westmoreland's history and characteristics. Westmoreland offers no argument to rebut the presumption on appeal that his within-Guidelines sentence is substantively reasonable. Accordingly, we conclude that the

6

district court did not abuse its discretion in sentencing Westmoreland.

**(4) Armed Career Criminal Sentence.** Westmoreland next argues that the district court erred in sentencing him as an armed career criminal. Because Westmoreland raises this claim for the first time on appeal, our review is for plain error. Lynn, 592 F.3d at 577-78. To establish plain error, Westmoreland must demonstrate that an error occurred, the error was plain, and the error affected his substantial rights. Id. at 577.

A defendant convicted of being a felon in possession of a firearm who has three prior convictions for a violent felony or serious drug offense is subject to sentencing as an armed career criminal. 18 U.S.C. § 924(e)(1); U.S. Sentencing Guidelines Manual § 4B1.4 (2012). Westmoreland contends that his prior North Carolina convictions for breaking and entering are not qualifying convictions for purposes of the ACCA. We have held to the contrary on several occasions. United States v. Thompson, 588 F.3d 197 (4th Cir. 2009); United States v. Thompson, 421 F.3d 278 (4th Cir. 2005) (same); United States v. Bowden, 975 F.2d 1080 (4th Cir. 1992) (same). The Supreme Court's recent decision in Descamps v. United States, 133 S. Ct. 2276 (2013), does not affect our conclusion.

7

**(5) Commerce Clause.** Finally, Westmoreland asserts that 18 U.S.C. § 922(g) exceeds Congress' authority under the Commerce Clause because the mere fact that a weapon crossed a state line is insufficient to demonstrate that it affected interstate commerce. Although Westmoreland acknowledges that this argument is foreclosed by our holding in United States v. Gallimore, 247 F.3d 134 (4th Cir. 2001), he questions Gallimore's validity in light of the Supreme Court's holdings in United State v. Lopez, 514 U.S. 549 (1995), United States v. Morrison, 529 U.S. 598 (2000), and Jones v. United States, 529 U.S. 848 (2000). In Gallimore, which was decided after Lopez, Morrison, and Jones, we held that that the interstate nexus component of § 922(g) is established when the Government can demonstrate "that a firearm was manufactured outside the state where the defendant possessed it." Gallimore, 247 F.3d at 138. One panel of this court may not overrule the precedent set by a prior panel. United States v. Rivers, 595 F.3d 558, 564 n.3 (4th Cir. 2010). Thus, this claim lacks merit.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument will not aid the decisional process.

AFFIRMED

8