<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4124**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LLEE REON TERRY, JR., a/k/a Llee Devor Terry,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:12-cr-00158-NCT-1)

Submitted: November 21, 2013    Decided: December 16, 2013

Before DUNCAN, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Andrew C. Cochran, Special Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Llee Reon Terry pled guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Terry to 180 months' imprisonment. Terry appeals, challenging his enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2012). We affirm.

Terry asserts that the district court erred by relying on his North Carolina convictions for breaking or entering, N.C. Gen. Stat. § 14-54(a) (2011), to designate him an armed career criminal. Because Terry raises this claim for the first time on appeal, our review is for plain error. United States v. Lynn, 592 F.3d 572, 577-78 (4th Cir. 2010). To establish plain error, Terry must demonstrate that an error occurred, the error was plain, and the error affected his substantial rights. Id. at 577.

A defendant convicted of being a felon in possession of a firearm who has three prior convictions for violent felonies or serious drug offenses is subject to sentencing as an armed career criminal.[*] 18 U.S.C. § 924(e)(1); U.S. Sentencing

---

[*] Terry does not dispute that his two North Carolina armed robbery convictions qualify as predicate offenses.

Guidelines Manual § 4B1.4 (2011). Terry contends that his prior North Carolina convictions for breaking or entering are not qualifying convictions for purposes of the ACCA. We have held to the contrary on several occasions. United States v. Thompson, 588 F.3d 197, 202 (4th Cir. 2009); United States v. Thompson, 421 F.3d 278, 284 (4th Cir. 2005); United States v. Bowden, 975 F.2d 1080, 1084-85 (4th Cir. 1992). The Supreme Court's recent decision in Descamps v. United States, 133 S. Ct. 2276 (2013), does not affect our conclusion. Terry's North Carolina conviction for second-degree burglary also qualifies as an ACCA predicate. The elements of second-degree burglary in North Carolina clearly track the definition of "generic burglary." Descamps, 133 S. Ct. at 2283; State v. Rick, 463 S.E.2d 182, 188 (N.C. 1995).

We therefore discern no error, plain or otherwise, in Terry's armed career criminal designation. Accordingly, we affirm his sentence. Terry's pro se motion to file a supplemental brief is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

3