**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4084**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROGER LEE LOCKAMY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:14-cr-00096-WO-1)

Submitted:  August 20, 2015          Decided:  August 24, 2015

Before DUNCAN, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Graham T. Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Lee Lockamy appeals his conviction and 180-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2012). We affirm.

Lockamy first argues that his sentence is unconstitutional because the indictment did not allege the existence of his prior convictions necessary to support an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2012). As he acknowledges, however, his claim is foreclosed by Supreme Court precedent as well as our own and is thus unavailing. See Alleyne v. United States, 133 S. Ct. 2151, 2163-64 (2013) (holding any fact other than prior conviction that increases statutory mandatory minimum is element of offense that must be submitted to jury and found beyond reasonable doubt); United States v. Thompson, 588 F.3d 197, 202 (4th Cir. 2009); United States v. Higgs, 353 F.3d 281, 302 (4th Cir. 2003).

Next, Lockamy contends that his prior North Carolina convictions for breaking or entering do not qualify as predicate felony offenses under the Armed Career Criminal Act. This argument is also foreclosed by our precedent. United States v. Mungro, 754 F.3d 267, 272 (4th Cir.), cert. denied, 135 S. Ct. 734 (2014) ("We therefore conclude that N.C. Gen. Stat. § 14-54(a), as interpreted by the North Carolina Supreme Court,

2

sweeps no more broadly than the generic elements of burglary."); United States v. Kerr, 737 F.3d 33, 38-39 & n.8 (4th Cir. 2013), cert. denied, 134 S. Ct. 1773 (2014) (holding that court should consider presumptive range for defendant who was sentenced in mitigated range to determine if prior conviction is felony).

Finally, Lockamy asserts that § 922(g) is unconstitutional because it exceeds Congress' authority under the Commerce Clause. We have consistently rejected this argument. United States v. Gallimore, 247 F.3d 134, 138 (4th Cir. 2001) ("Under existing circuit precedent, the Government may establish the requisite interstate commerce nexus by showing that a firearm was manufactured outside the state where the defendant possessed it."); see United States v. Smoot, 690 F.3d 215, 223 (4th Cir. 2012).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED