**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4232**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAEKWON TYREZ SIMON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:19-cr-00392-LCB-1)

Submitted:  October 22, 2020                     Decided:  October 26, 2020

Before WYNN, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Graham Tod Green, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raekwon Tyrez Simon pled guilty, pursuant to a written plea agreement, to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g), and was sentenced as an armed career criminal to 180 months' imprisonment. *See* 18 U.S.C. § 924(e). Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Simon's guilty plea was knowingly and voluntarily entered and whether the district court erred in sentencing Simon as an armed career criminal. Although advised of his right to file a supplemental pro se brief, Simon has not done so. We affirm.

Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or extrinsic promises. Fed. R. Crim. P. 11(b)(2)-(3); *Williams*, 811 F.3d at 622; *see also United States v. DeFusco*, 949 F.2d 114, 119-20 (4th Cir. 1991). Our review of the record establishes that the district court conducted a thorough and complete Rule 11 colloquy and that Simon's guilty plea was knowing and voluntary.

Counsel also questions whether the district court improperly counted Simon's prior North Carolina conviction for breaking and/or entering as a predicate offense for purposes of the Armed Criminal Career Act. We have determined that such North Carolina

2

convictions qualify as violent felonies for the purposes of the armed career criminal enhancement. *See, e.g., United States v. Dodge*, 963 F.3d 379, 381 (4th Cir. 2020).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Simon, in writing, of his right to petition the Supreme Court of the United States for further review. If Simon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Simon.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*