**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4533**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

SHIRLEY INGRAM, JR., a/k/a Raheem,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:10-cr-00069-FDW-1)

_____

Submitted: December 23, 2014      Decided: January 8, 2015

_____

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Henderson Hill, Executive Director, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shirley Ingram, Jr., appeals his convictions and sentences for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012), and in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (2012). Ingram claims the district court erred by (1) not suppressing evidence found following a third-party consent search of his vehicle; (2) denying his Fed. R. Crim. P. 29 motion for a judgment of acquittal; (3) designating Ingram an armed career criminal, under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2012), by relying on prior convictions that he claims do not qualify as predicate offenses; and (4) imposing an ACCA sentence based on facts not alleged in the indictment and proved to the jury beyond a reasonable doubt. We affirm.

### I.  Suppression claim

"In evaluating [an] appeal of the denial of [a] motion to suppress . . . , we review the district court's factual findings for clear error and its legal conclusions de novo." United States v. Brown, 757 F.3d 183, 190 (4th Cir.), cert. denied, 135 S. Ct. 229 (2014). "When the district court denies a motion to suppress, we view the evidence in the light most favorable to the government." United States v. McGee, 736 F.3d 263, 269 (4th Cir. 2013), cert. denied, 134 S. Ct. 1572 (2014).

2

"The government bears the burden of proof in justifying a warrantless search or seizure." Id.

A warrantless search may be justified by showing consent to search by "a third party who possessed common authority over . . . the premises or effects sought to be inspected." United States v. Matlock, 415 U.S. 164, 171 (1974); United States v. Shrader, 675 F.3d 300, 306 (4th Cir. 2012). However, "a physically present inhabitant's express refusal of consent to a police search is dispositive as to him, regardless of the consent of a fellow occupant." Georgia v. Randolph, 547 U.S. 103, 122-23 (2006). "The government has the burden of proving consent," and we "review for clear error a district court's determination that a search [was] consensual." United States v. Robertson, 736 F.3d 677, 680 (4th Cir. 2013). In determining whether consent to search was freely and voluntarily given, a court is to consider the totality of the circumstances, including the characteristics of the consenter, such as her mental capacity. United States v. Jones, 701 F.3d 1300, 1318 (10th Cir. 2012); United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996) (en banc).

Here, prior to trial, Ingram moved to suppress evidence seized from the search of his vehicle, arguing that his mother, who had consented to the search, lacked the capacity to do so. He also claimed that, regardless of whether his mother's

3

consent was voluntary, the search was unreasonable under Randolph. We discern no reversible error in the district court's determinations that Ingram's mother did not lack the requisite capacity to consent and that, because Ingram never expressly refused his consent, Randolph does not apply to his case. Therefore, we affirm the district court's denial of Ingram's motion to suppress.

## II. Sufficiency of the evidence claim.

This court reviews de novo the denial of a Rule 29 motion for a judgment of acquittal. United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011). A defendant challenging the sufficiency of the evidence faces "a heavy burden." United States v. McLean, 715 F.3d 129, 137 (4th Cir. 2013). The jury verdict must be sustained "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Pineda, 770 F.3d 313, 317 (4th Cir. 2014) (internal quotation marks omitted). "[T]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented . . . ." McLean, 715 F.3d at 137 (internal quotation marks omitted). Moreover, we give the government "the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Gomez-Jimenez, 750 F.3d 370, 378 (4th Cir.) (internal quotations marks omitted), cert.

4

denied, 135 S. Ct. 305 (2014). Thus, "[r]eversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." United States v. Ashley, 606 F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted).

"Section 924(c) requires the government to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." Pineda, 770 F.3d at 317 (internal quotation marks and alteration omitted). Because the government introduced ample evidence from which a reasonable factfinder could conclude beyond a reasonable doubt that Ingram had possessed a firearm that furthered and advanced a drug trafficking crime, we conclude that sufficient evidence supported his § 924(c) conviction. Thus, the district court did not err by denying Ingram's Rule 29 motion.

**III. ACCA claims**

Ingram claims that the district court erred by imposing an ACCA sentence because his prior North Carolina breaking or entering convictions, under N.C. Gen. Stat. § 14-54(a) (2011), did not count as predicate convictions for purposes of ACCA. Our recent decision in United States v. Mungro, 754 F.3d 267 (4th Cir. 2014), cert. denied, __ S. Ct. __, 83 U.S.L.W. 3328 (U.S. Dec. 1, 2014) (No. 14-6886), holding that § 14-54(a) convictions qualify as ACCA predicate

5

convictions, forecloses this argument. Ingram's final claim—that he was improperly designated an armed career criminal because his prior convictions were not submitted to the jury and proved beyond a reasonable doubt—is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). Therefore, the district court did not err in rejecting these claims.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

<u>AFFIRMED</u>