**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4745**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARKIE DEVON JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:15-cr-00089-BO-1)

Submitted: September 29, 2016          Decided: October 3, 2016

Before SHEDD, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert J. Higdon, Jr., WILLIAMS MULLEN, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Markie Devon Jones pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2012). Based on Jones' North Carolina breaking and entering convictions, the district court designated Jones an armed career criminal, 18 U.S.C. § 924(e) (2012), and sentenced him to the statutory minimum 180 months' imprisonment. On appeal, Jones argues that the district court erred in denying his pre-plea motion for a continuance and in designating him an armed career criminal. For the reasons that follow, we affirm.

Jones asserts that the district court violated his due process rights by denying his motion for a continuance at his arraignment. "When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea," aside from a claim that the plea was invalid. United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010). Jones, who does not dispute that his plea was valid, has therefore waived review of this issue.

Jones also argues that his North Carolina breaking and entering convictions do not qualify as predicate offenses to support his armed career criminal sentence. This argument is foreclosed by our decision in United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014) (holding that North Carolina breaking

2

and entering categorically qualifies as burglary under 18 U.S.C. § 924(e)(2)(B)(ii)).

Finally, Jones claims that the district court erred in failing to state which offenses were ACCA predicates. We reject this argument because Jones' counsel expressly noted at sentencing that Jones "ha[s] three breaking and entering offenses that alone qualify" as ACCA predicates.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3