**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 16-6076**

———————————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

LARRY DON BROWN,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Shelby.   Richard L. Voorhees, District Judge.   (5:13-cr-00053-RLV-DCK-11)

———————————

Submitted:  October 20, 2016        Decided:  November 18, 2016

———————————

Before NIEMEYER, TRAXLER, and FLOYD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

D. Baker McIntyre, III, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Don Brown pled guilty to conspiracy to distribute, possess with intent to distribute, and manufacture, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012). The district court sentenced Brown to 120 months' imprisonment, and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the sentence imposed was erroneous in light of Johnson v. United States, 135 S. Ct. 2551 (2015), and McFadden v. United States, 135 S. Ct. 2298 (2015). Brown was informed of his right to file a pro se supplemental brief, but has not done so.

With respect to counsel's arguments, because Brown objected neither to the presentence report's assertion that he was a career offender nor to the offense level calculation based on drug quantity, those determinations are reviewed for plain error only. United States v. Carthorne, 726 F.3d 503, 509 (4th Cir. 2013). "To satisfy plain error review, the defendant must establish that: (1) there is a sentencing error; (2) the error is plain; and (3) the error affects his substantial rights." United States v. Aplicano-Oyuela, 792 F.3d 416, 422 (4th Cir. 2015). "If the three-part plain error test is satisfied, we must decide whether to cure the error, and should not do so

2

unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

As to the determination that Brown qualified as a career offender, we conclude that no plain error occurred. We have never addressed whether North Carolina felony breaking or entering qualifies as a crime of violence absent consideration of the residual clause,[*] and therefore the law is not settled in a manner sufficient to satisfy the plain error test. Moreover, even if we were inclined to find plain error, the district court imposed the statutory minimum 120-month sentence, more than 200 months below the bottom of the Guidelines range. As a result, any error committed by the district court did not impact Brown's sentence and therefore "could not have affected [his] substantial rights." United States v. Branch, 537 F.3d 328, 343 (4th Cir. 2008) (internal quotation marks omitted).

We also conclude that the district court did not plainly err in attributing 150 to 500 grams of methamphetamine to Brown. In the plea agreement and factual basis that Brown signed, he

---

[*] We have previously held that that breaking or entering, "as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary" and therefore qualifies as a predicate offense under the Armed Career Criminal Act. United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014).

3

agreed that the amount of methamphetamine known to or reasonably foreseeable by him was between 150 and 500 grams of actual methamphetamine. Brown reaffirmed this during the plea hearing. To the extent that Brown relies on McFadden, that decision is easily distinguishable from this case and is inapposite.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Brown's conviction and sentence. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4