**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4711**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TEVON FAYSON, a/k/a T-Lok,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:18-cr-00428-BO-1)

Submitted:  December 18, 2020           Decided:  January 28, 2021

Before KING, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Banumathi Rangarajan, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tevon Fayson appeals the 180-month sentence imposed following his guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 2, 922(g)(1), and robbery of personal property belonging to the United States, in violation of 18 U.S.C. §§ 2, 2112. On appeal, Fayson contends that the district court erred in imposing a sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because his prior North Carolina convictions for breaking and entering do not qualify as violent felonies under the ACCA. We affirm.

"Whether an offense constitutes a 'violent felony' and thus qualifies as a predicate conviction for purposes of ACCA is a question of law that we review de novo." *United States v. Allred*, 942 F.3d 641, 647 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 1235 (2020). In *United States v. Mungro*, 754 F.3d 267 (4th Cir. 2014), we "conclude[d] that N.C. Gen. Stat. § 14-54(a), as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary" and "therefore qualifies as an ACCA predicate offense under 18 U.S.C. § 924(e)(2)(B)(ii)." *Id.* at 272. Fayson cites several intervening cases, including *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Stitt*, 139 S. Ct. 399 (2018), and *United States v. Cornette*, 932 F.3d 204 (4th Cir. 2019), to argue that North Carolina breaking and entering is categorically broader than generic burglary. However, we recently reaffirmed our "prior holding in *Mungro* that a conviction under N.C. Gen. Stat. § 14-54(a) qualifies as an ACCA predicate conviction under 18 U.S.C. § 924(e)(2)(B)(ii)," notwithstanding intervening Supreme Court authority in *Mathis* and *Stitt*. *United States v. Dodge*, 963 F.3d 379, 383-85 (4th Cir. 2020). "[O]ne panel [of

2

this Court] cannot overrule a decision issued by another panel." *United States v. Williams*, 808 F.3d 253, 261 (4th Cir. 2015) (internal quotation marks omitted).  Fayson makes no attempt to distinguish *Dodge* and instead candidly acknowledges that *Dodge* forecloses his argument on appeal.

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*