**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 18-4400**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

BANGO BENJAMIN ENYINNAYA,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:17-cr-00055-FL-1)

_____

Submitted:  January 31, 2022                Decided:  February 9, 2022

_____

Before WILKINSON, NIEMEYER, and RICHARDSON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF**: G. Alan Dubois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bango Benjamin Enyinnaya pleaded guilty, without a plea agreement, to possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Enyinnaya under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to the statutory mandatory-minimum term of 180 months' imprisonment. On appeal, Enyinnaya argues that the district court erred by classifying him as an armed career criminal and that his § 922(g) conviction is invalid in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). We affirm.

First, Enyinnaya argues that the district court erred by finding that his prior convictions for North Carolina breaking or entering qualified as violent felonies under the ACCA because the "building" element of North Carolina breaking or entering is broader than that of generic burglary. However, as we recently explained, this argument is foreclosed by our decision in *United States v. Mungro*, 754 F.3d 267, 272 (4th Cir. 2014). *See United States v. Dodge*, 963 F.3d 379, 382-84 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1445 (2021). We therefore conclude that the district court did not err by finding that North Carolina breaking or entering qualifies as a violent felony under the ACCA.

Enyinnaya next argues that his § 922(g) conviction is invalid because the indictment did not charge each element of the offense and the district court did not advise him during the plea hearing that the Government was required to prove that he knew he belonged to the relevant category of persons barred from possessing a firearm. Because Enyinnaya did not raise this argument before the district court, our review is for plain error. *Greer v. United States*, 141 S. Ct. 2090, 2096-97 (2021). As the Supreme Court recently explained,

2

to obtain relief based on a *Rehaif* error on plain error review, a defendant must demonstrate that "there is a reasonable probability that he would not have pled guilty" had the district court "correctly advised him of the *mens rea* element of the offense." *Id*. at 2097 (internal quotation marks omitted). Enyinnaya makes no such argument on appeal; rather, he has never "argued or made a representation that [he] would have presented evidence . . . that [he] did not in fact know [he was a] felon[] when [he] possessed firearms" if the district court had informed him of that element of the offense. *Id.* at 2098. Accordingly, we conclude that he is not entitled to relief.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*