# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4050

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISIAH PAUL MENDEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:18-cr-00185-WO-1)

Submitted: February 17, 2022                    Decided: March 22, 2022

Before DIAZ, THACKER, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Todd A. Smith, SMITH GILES PLLC, Graham, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Stephen T. Inman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isiah Paul Mendez pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Mendez under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to 188 months' imprisonment. On appeal, Mendez challenges his classification as an armed career criminal, arguing that his prior North Carolina breaking or entering convictions did not qualify as violent felonies because North Carolina's breaking or entering statute, N.C. Gen. Stat. § 14-54(a), is broader than a generic burglary statute.

As we recently explained, this argument is foreclosed by our decision in *United States v. Mungro*, 754 F.3d 267, 272 (4th Cir. 2014). *See United States v. Dodge*, 963 F.3d 379, 382-84 (4th Cir. 2020) (reaffirming that "§ 14-54(a), as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary and therefore a conviction under that statute qualifies as an ACCA predicate conviction" (internal quotation marks omitted)), *cert. denied*, 141 S. Ct. 1445 (2021). Accordingly, we affirm the district court's judgment.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

\* Although we placed this appeal in abeyance for *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *rev'd*, *Greer v. United States*, 141 S. Ct. 2090 (2021), it is clear after the decision in *Greer* that Mendez's conviction does not run afoul of *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

2