**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4361**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

QUAPRIS CUANTEZ TORAIN,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:18-cr-00226-NCT-1)

Submitted: March 23, 2022                  Decided: March 25, 2022

Before MOTZ and WYNN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** George E. Crump, III, Rockingham, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Whitney N. Shaffer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quapris Cuantez Torain pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(a), and appealed his conviction and sentence. On appeal, Torain argued that the district court (1) failed to inform him of the knowledge-of-status element established in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (holding that, for § 922(g) conviction, government must prove defendant knew he belonged to category of persons barred from possessing firearms), and (2) improperly designated him an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Applying our decision in *United States v. Gary*, 954 F.3d 194, 201-07 (4th Cir. 2020), *rev'd*, *Greer v. United States*, 141 S. Ct. 2090 (2021), we found that the district court's *Rehaif* error constituted structural error rendering Torain's guilty plea unconstitutional. *United States v. Torain*, 815 F. App'x 750 (4th Cir. 2020). Accordingly, in August 2020, we vacated Torain's conviction. *Id.*

Three days later, the Government moved to stay the mandate pending the Supreme Court's consideration of *Gary*, and we granted the Government's request. Subsequently, in *Greer*, 141 S. Ct. at 2100, the Supreme Court reversed our decision in *Gary* and held that, in order to obtain relief for an unpreserved claim of *Rehaif* error, a defendant must show "a 'reasonable probability' that the outcome of the district court proceeding would have been different" had he been apprised of the knowledge-of-status element.

The Government has now filed a petition for panel rehearing and a motion for leave to file its petition out of time, arguing that Torain cannot show that, absent the district court's *Rehaif* error, he would not have pled guilty. We grant the Government's motion

2

for leave to file its petition out of time. *See* 4th Cir. R. 40(c). Furthermore, applying *Greer*, we conclude that Torain's § 922(g) conviction is valid. Therefore, we grant the Government's petition for rehearing, vacate our prior judgment vacating Torain's conviction, and affirm Torain's conviction and sentence.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] In our prior judgment vacating Torain's conviction, we declined to address Torain's challenge to his sentence. Having vacated our prior judgment, we have reviewed the record and find that Torain's challenge to his status as an armed career criminal and corresponding 180-month sentence is without merit. *See United States v. Dodge*, 963 F.3d 379, 383 (4th Cir. 2020) (holding "a conviction under [N.C. Gen. Stat. § 14-54(a)] qualifies as an ACCA predicate conviction"), *cert. denied*, 141 S. Ct. 1445 (2021).