**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4673

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MILTON LEWIS LANE, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:20-cr-00455-CCE-1)

Submitted:  October 20, 2023                                    Decided:  October 31, 2023

Before THACKER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina; Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Milton Lewis Lane, Jr., pled guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court found that Lane was an armed career criminal based in part on his two prior North Carolina breaking or entering convictions and sentenced him to 180 months' imprisonment, the mandatory minimum under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). Lane raises two challenges to his sentence on appeal: (1) whether the district court properly concluded that North Carolina breaking or entering is a violent felony under the ACCA; and (2) whether the district court violated his Fifth and Sixth Amendment rights by finding, by a preponderance of the evidence, that he committed the two North Carolina breaking or entering offenses on different occasions. We affirm.

Under the ACCA, a defendant convicted of a § 922(g) offense is subject to an enhanced statutory range of 15 years' to life imprisonment if, as relevant here, he "has three previous convictions . . . for a violent felony . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1). We review de novo whether a prior conviction qualifies as an ACCA predicate. *United States v. Ogle*, 82 F.4th 272, 274 (4th Cir. 2023).

In determining whether a prior conviction qualifies as an enumerated ACCA violent felony, such as burglary, courts generally must apply the categorical approach, "compar[ing] the elements of the statute forming the basis of the defendant's [prior] conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood." *Descamps v. United States*, 570 U.S. 254, 257 (2013); *see* 18 U.S.C. § 924(e)(2)(B)(ii). An offense qualifies as a violent felony "only if the statute's elements

2

are the same as, or narrower than, those of the generic offense." *Descamps*, 570 U.S. at 257. The Supreme Court has defined generic burglary as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990).

Lane argues that his North Carolina breaking or entering convictions do not qualify as violent felonies under the ACCA because that offense is broader than generic burglary. As Lane acknowledges, however, we held in *United States v. Mungro*, 754 F.3d 267 (4th Cir. 2014), that the North Carolina breaking or entering statute, "as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary" and, therefore, qualifies as a violent felony under the ACCA. *Id.* at 272. Nevertheless, Lane contends that *Mungro* is not controlling here because of two intervening Supreme Court decisions: *United States v. Stitt*, 139 S. Ct. 399 (2018), and *Mathis v. United States*, 579 U.S. 500 (2016).

In *United States v. Dodge*, 963 F.3d 379 (4th Cir. 2020), we held that *Mungro* is still good law after *Stitt* and *Mathis*. *Id.* at 385. Indeed, we expressly rejected the same argument that Lane advances here. *Id.* at 383-85. Although we recognized that *Mungro* "could be read as being in tension with intervening Supreme Court reasoning," we held that *Mungro* was still binding, as it was not contradicted by any "directly applicable Supreme Court holding." *Id.* at 384. Accordingly, Lane's first challenge to his sentence is foreclosed by our precedent.

Lane's second challenge to his sentence is likewise foreclosed by our precedent. In *United States v. Thompson*, 421 F.3d 278 (4th Cir. 2005), we rejected the argument that

3

the Fifth and Sixth Amendments require a jury to find, or a defendant to admit, that the defendant committed his prior offenses on different occasions. *Id.* at 281-87. We recently revisited this issue and concluded that *Thompson* remains good law in light of intervening Supreme Court decisions, including *Wooden v. United States*, 595 U.S. 360 (2022). *United States v. Brown*, 67 F.4th 200, 201 (4th Cir. 2023). In any event, we conclude that any error was harmless because the proof that Lane committed his North Carolina breaking or entering convictions on different occasions "is overwhelming and uncontroverted." *United States v. Legins*, 34 F.4th 304, 322 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 143 S. Ct. 266 (2022); *see Wooden*, 595 U.S. at 370 (observing that courts "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart, or at a significant distance" (internal quotation marks omitted)).

Accordingly, we affirm the district court's judgment. We deny Lane's motion to reconsider the order denying him leave to proceed pro se. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4