**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 22-4639**

―――――――――――

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

BARRY LYNN BAXTER, JR.,

> Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:21-cr-00390-CCE-1)

―――――――――――

Submitted:  November 14, 2023                    Decided:  January 5, 2024

―――――――――――

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barry Lynn Baxter, Jr., pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  At sentencing, the district court determined that Baxter qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  On appeal, Baxter challenges his ACCA sentence.  Finding no reversible error, we affirm.

We review de novo the district court's legal determinations regarding the applicability of the ACCA.  *United States v. Thompson*, 421 F.3d 278, 280-81 (4th Cir. 2005).  Under the ACCA, a defendant is subject to a mandatory minimum 15-year term of imprisonment if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  As relevant here, "a violent felony" under the ACCA is "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary" or one of several other enumerated crimes.  *Id.* § 924(e)(2)(B)(ii).

"[I]n this circuit it is established that one panel cannot overrule another."  *United States v. Runyon*, 994 F.3d 192, 201 (4th Cir. 2021) (internal quotation marks omitted).  Baxter's argument that his prior North Carolina convictions for breaking or entering do not qualify as violent felonies is foreclosed by our decisions in *United States v. Dodge*, 963 F.3d 379, 384-85 (4th Cir. 2020), and *United States v. Mungro*, 754 F.3d 267, 272 (4th Cir. 2014).  And Baxter's contention that the Government must allege in the indictment and prove beyond a reasonable doubt that his ACCA predicates were committed on different

2

occasions is foreclosed by our decisions in *United States v. Brown*, 67 F.4th 200, 201 (4th Cir. 2023), and *Thompson*, 421 F.3d at 281-87.

Therefore, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*