**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4432

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY SCOTT HARDIN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:18-cr-00025-KDB-DCK-1)

Submitted:  February 28, 2024                    Decided:  March 19, 2024

Before WYNN, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  John G. Baker, Federal Public Defender, Charlotte, North Carolina, Joshua B. Carpenter, Appellate Chief, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  Anthony Joseph Enright, Assistant United States Attorney, Charlotte, North Carolina, Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM.

Timothy Scott Hardin pled guilty to a single count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2). The district court sentenced Hardin to 180 months' imprisonment, to be followed by a lifetime term of supervised release. In Hardin's initial appeal, we rejected Hardin's challenge to the application of the recidivist enhancement set forth in 18 U.S.C. § 2252A(b)(1) but vacated the judgment in part as related to the supervised release term. *See United States v. Hardin*, 998 F.3d 582 (4th Cir. 2021) ("*Hardin I*"). The United States Supreme Court denied Hardin's petition for a writ of certiorari from this decision. *See Hardin v. United States*, 142 S. Ct. 779 (2022).

On remand, the district court granted the parties' joint motion to amend the criminal judgment to reflect the court's later-issued standing orders related to the supervised release terms applicable to sex offenders. Hardin timely appeals the amended criminal judgment, which was entered as consistent with this joint motion.

In his appellate brief, which is filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel for Hardin reasserts the same argument related to the recidivist sentencing enhancement that we rejected in *Hardin I*. Counsel concedes, however, that this argument is foreclosed by our decision in *Hardin I*. This concession accurately reflects the law in this circuit. *See United States v. Dodge*, 963 F.3d 379, 383 (4th Cir. 2020) (explaining that a panel of this court is "precluded from overruling" another decision of this court); *see, e.g.*, *Payne v. Taslimi*, 998 F.3d 648, 654 n.2 (4th Cir. 2021) ("[W]e must follow a prior panel decision even if it had abysmal reasoning, put forward unworkable commands, engendered no reliance interests, lacked consistency with other decisions, and has been

2

undermined by later developments."). Further, because we denied Hardin's petition to hear the current appeal en banc, and the Supreme Court denied certiorari as related to *Hardin I*, there simply is no mechanism for this argument to succeed. *See McMellon v. United States*, 387 F.3d 329, 332-34 (4th Cir. 2004) (en banc) (recognizing established principle that a decision by a three-judge panel of this court remains binding "unless and until it is overruled by this court sitting en banc or by the Supreme Court"). Accordingly, we hold that *Hardin I* forecloses our consideration of the lone issue raised in the *Anders* brief.[*] Further, our review pursuant to *Anders* did not reveal any nonfrivolous grounds for appeal.

We therefore affirm the amended criminal judgment. This court requires that counsel inform Hardin, in writing, of the right to petition the Supreme Court of the United States for further review. If he requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hardin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Although notified of his right to do so, Hardin has not filed a pro se supplemental brief.