**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4096**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAWRENCE REHMEIL ANDERSON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:20-cr-00416-WO-1)

_____

Submitted:  December 31, 2025                         Decided:  May 12, 2026

_____

Before NIEMEYER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Peter D. Zellmer, PETER D. ZELLMER, PLLC, Greensboro, North Carolina, for Appellant.  Clifton T. Barrett, United States Attorney, JoAnna G. McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After Lawrence Rehmeil Anderson pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), the district court determined that he had previously committed three violent felonies on different occasions, thus qualifying him for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). On the parties' joint motion, we remanded Anderson's first appeal to the district court in light of *Wooden v. United States*, 595 U.S. 360 (2022) (clarifying the "multi-factored" inquiry into whether ACCA predicate offenses occurred on different occasions). On resentencing, the district court sentenced Anderson as an armed career criminal to 184 months' imprisonment. Anderson appeals, challenging the validity of his conviction and contending that he was erroneously sentenced as an armed career criminal. For the reasons that follow, we affirm.

I

Anderson first asserts that his conviction is infirm because, following *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), § 922(g)(1) is unconstitutional, both facially and as applied to him.[1] Anderson does not assert that the convictions that prohibit

---

[1] The Government asserts that because Anderson failed to preserve this issue below, our review is for plain error only. Anderson contends that we should consider the issue de novo because he had "good cause" for failing to timely raise the objection—namely, *Bruen* had not been decided when he entered his guilty plea in 2021. Because Anderson's claims fail under either standard, we "assume—solely for the sake of argument—that the plain-error standard does not apply here and that we review [Anderson's] constitutional claims de novo." *See United States v. Hunt*, 123 F.4th 697, 702 (4th Cir.) (discussing similar dispute and noting unresolved "questions about the proper relationship between [Fed. R. Crim. P.] 12 and [Fed. R. Crim. P.] 52"), *cert. denied*, 145 S. Ct. 2756 (2024).

his possession of firearms "[are] pardoned or [that] the law defining the crime[s] of conviction [has been] found unconstitutional or otherwise unlawful." *Hunt*, 123 F.4th at 700 (citation modified). His Second Amendment claims are therefore precluded by binding circuit precedent. *See id.*; *see also United States v. Canada*, 123 F.4th 159, 160-62 (4th Cir. 2024); *United States v. Runyon*, 994 F.3d 192, 201 (4th Cir. 2021) ("In this circuit it is established that one panel cannot overrule another." (citation modified)).

II

Next, under the ACCA, a defendant convicted of a § 922(g) offense faces a statutory sentencing range of 15 years to life imprisonment if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." Anderson first contends that he does not qualify for the ACCA enhancement because his predicate offenses were not "violent felonies." As relevant here, "a violent felony" under the ACCA is "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary" or one of several other enumerated crimes. 18 U.S.C. § 924(e)(2)(B)(ii).

We review de novo the legal question of whether a prior conviction qualifies as an ACCA predicate. *United States v. Cornette*, 932 F.3d 204, 207 (4th Cir. 2019). Anderson's argument that his prior North Carolina convictions for breaking or entering do not qualify as violent felonies is foreclosed by our decisions in *United States v. Dodge*, 963 F.3d 379, 384-85 (4th Cir. 2020), and *United States v. Mungro*, 754 F.3d 267, 272 (4th Cir. 2014). *See Runyon*, 994 F.3d at 201.

3

Anderson also contends that the district court reversibly erred by determining at sentencing that each of his ACCA predicates occurred on a "different occasion." In *Erlinger v. United States*, 602 U.S. 821, 834 (2024), the Supreme Court held that the facts relating to the different occasions question "must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." Thus, a district court errs by deciding the different occasions issue at sentencing. *Id.* at 838-39.

But so-called "*Erlinger* errors" are subject to harmless error review. *United States v. Brown*, 136 F.4th 87, 92-96 (4th Cir.), *cert. denied*, 146 S. Ct. 391 (2025).[2] Where, as here, the defendant was convicted after pleading guilty, the Government establishes that an *Erlinger* error is harmless by "show[ing] beyond a reasonable doubt that if . . . [the defendant] had been correctly advised at his plea hearing that he was entitled to have a jury resolve [the different occasions issue] unanimously and beyond a reasonable doubt, he would have nonetheless waived that right and admitted as part of his guilty plea that his prior offenses were committed on different occasions." *Id.* at 97 (citation modified).

In concluding that the *Erlinger* error in *Brown* was harmless, we noted that "Brown chose to plead guilty to the firearm-possession offense after having been twice informed that ACCA's mandatory minimum of 15 years and its maximum of life would apply if the judge found its requirements satisfied." *Id.* at 98. And although Brown raised the different

---

[2] We held this appeal in abeyance pending decisions in *Brown*; *United States v. Boggs*, No. 22-4707, 2025 WL 1249364 (4th Cir. Apr. 30, 2025) (argued but unpublished); and *United States v. Blackmon*, No. 22-4576, 2026 WL 624484 (4th Cir. Mar. 5, 2026) (argued but unpublished).

4

occasions issue at sentencing, he did not seek to withdraw his guilty plea. *Id.* Moreover, Brown did not contest the accuracy of his presentence report (PSR), even though the facts alleged therein provided the basis for the district court's different occasions finding. *Id.*

Our analysis in *Brown* leads us to conclude that the error in this case was similarly harmless. First, both in his plea agreement and at the plea hearing, Anderson was informed of the possible ACCA enhancement. During the plea hearing, Anderson confirmed that he had read his plea agreement, discussed it with his attorney, and fully understood its terms. Anderson advised the court that he understood the different statutory ranges that would apply depending on the sentencing court's ACCA determination. Second, although he raised the different occasions issue at sentencing, Anderson did not seek to withdraw his plea. And third, Anderson did not dispute the accuracy of the PSR.

Finally, in *Brown*, we recognized an inverse relationship between the strength of the evidence supporting the ACCA enhancement and the likelihood that a defendant would forgo the benefits of pleading guilty for the opportunity to have a jury decide the different occasions issue. *Id.* There, the evidence supporting Brown's ACCA enhancement was exceptionally strong. *Id.* Thus, "given that the possibility of a favorable verdict on the different occasions issue would have been so exceedingly remote as to be practically irrelevant, we [could not] fathom that Brown would have traded the benefit of pleading guilty for such long odds." *Id.* at 99.

So too here. "The word 'occasion' in [the] ACCA should be given its 'ordinary meaning'—that is, 'essentially an episode or event.'" *Id.* (citation modified, quoting *Wooden*, 595 U.S. at 366). In this case, the PSR, as modified, established that each of

5

Anderson's ACCA predicates—three North Carolina felony convictions for breaking and/or entering—was perpetrated at a different location, against different victims, at least a week apart from the other offenses. Specifically, the PSR established that Anderson's predicate offenses occurred on September 26, October 6, and October 22, 2014. In our view, this evidence leaves "no doubt that [Anderson] would have pleaded guilty if . . . he had been informed that he was entitled to have a jury find [the different occasions] fact beyond a reasonable doubt." *Id.* We therefore conclude that the *Erlinger* error in this case is harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6