**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4043**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

BRYAN LEE OGLE,

Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:18-cr-00057-1)

Argued:  March 8, 2022                                   Decided: September 13, 2023

Before KING, WYNN, and RUSHING, Circuit Judges.

Affirmed by published opinion.  Judge Rushing wrote the opinion, in which Judge King and Judge Wynn joined.

**ARGUED:**  Paul Eugene Stroebel, STROEBEL & STROEBEL, PLLC, Charleston, West Virginia, for Appellant.  Jeremy Bryan Wolfe, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.  **ON BRIEF:**  Lisa G. Johnston, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

RUSHING, Circuit Judge:

Bryan Lee Ogle asks us to decide whether his Tennessee conviction for aggravated assault is a violent felony within the meaning of the Armed Career Criminal Act (ACCA). We conclude that it is and so affirm Ogle's sentence.

Ogle pled guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1]  At the time of his offense, Ogle had numerous prior felony convictions.  The Government requested an enhanced sentence under ACCA. "ACCA mandates a 15-year minimum sentence for a defendant convicted of a firearms offense who has three or more prior convictions for either a 'serious drug offense' or a 'violent felony.'" *United States v. Hasson*, 26 F.4th 610, 617 (4th Cir. 2022) (quoting 18 U.S.C. § 924(e)(1)).  The Government argued that two of Ogle's prior convictions qualified as serious drug offenses, which he does not dispute, and that his 2017 conviction for aggravated assault in violation of Tennessee Code § 39-13-102 qualified as a violent felony.  The district court agreed, overruling Ogle's objection, and sentenced him to 210 months in prison.

The only issue Ogle raises on appeal is whether his Tennessee conviction for aggravated assault qualifies as a violent felony.  We review that question de novo. *United States v. Middleton*, 883 F.3d 485, 488 (4th Cir. 2018).

---

[1] In 2022, Congress amended Section 924(a)(2) so that it no longer provides the penalty for Section 922(g) convictions. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).

As relevant here, ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). This definition is commonly called ACCA's "force clause." *Middleton*, 883 F.3d at 488. In this context, "'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

"To decide whether an offense satisfies the [force] clause, courts use the categorical approach." *Borden v. United States*, 141 S. Ct. 1817, 1822 (2021). Under that method, "we examine whether a state crime has as an element the 'use, attempted use, or threatened use of physical force against the person of another,' and do not consider the particular facts underlying the defendant's conviction." *United States v. Burns-Johnson*, 864 F.3d 313, 316 (4th Cir. 2017). "If any—even the least culpable—of the acts criminalized do not entail that kind of force," the statute of conviction is not a violent felony. *Borden*, 141 S. Ct. at 1822. If a single statute sets forth multiple crimes with distinct elements, we "look[] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). We then compare the elements of that crime with the force clause, as the categorical approach commands. *Id.*

At the time of Ogle's conviction for aggravated assault in August 2017, the relevant Tennessee law defined the crime as follows:

(a)(1) A person commits aggravated assault who:

    (A)  Intentionally or knowingly commits an assault as defined in § 39-13-101, and the assault:
        (i)     Results in serious bodily injury to another;
        (ii)    Results in the death of another;
        (iii)   Involved the use or display of a deadly weapon; or
        (iv)   Involved strangulation or attempted strangulation; or

    (B)  Recklessly commits an assault as defined in § 39-13-101(a)(1), and the assault:
        (i)     Results in serious bodily injury to another;
        (ii)    Results in the death of another; or
        (iii)   Involved the use or display of a deadly weapon.

Tenn. Code Ann. § 39-13-102 (2015). And according to Section 39-13-101:

(a) A person commits assault who:

    (1) Intentionally, knowingly or recklessly causes bodily injury to another;
    (2) Intentionally or knowingly causes another to reasonably fear imminent bodily injury; or
    (3) Intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative.

Tenn. Code Ann. § 39-13-101 (2016).

We agree with the parties that Tennessee's aggravated assault statute is divisible as between subparagraphs (A) and (B), which define distinct crimes with diverse elements subject to different punishments. A conviction under subparagraph (A) is a "Class C felony," which is punishable by three to 15 years in prison. Tenn. Code Ann. § 39-13-102(e)(1)(A)(ii), (iii); *see id.* § 40-35-111(b)(3). A conviction under subparagraph (B),

4

however, is a "Class D felony," which is punishable by two to 12 years in prison. *Id.* § 39-13-102(e)(1)(A)(v), (vi); *see id.* § 40-35-111(b)(4). Because these "statutory alternatives carry different punishments, . . . they must be elements." *Mathis*, 136 S. Ct. at 2256 (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)); *see also Guevara-Solorzano v. Sessions*, 891 F.3d 125, 132 (4th Cir. 2018) (finding statute divisible "because each subsection provides for a different punishment"). Subparagraphs (A) and (B), therefore, set forth distinct crimes. *See United States v. Perez-Silvan*, 861 F.3d 935, 941–942 (9th Cir. 2017) (finding 2005 version of Tenn. Code Ann. § 39-13-102(a) divisible); *United States v. Batey*, No. 22-5339, 2023 WL 2401193, at *2–4 (6th Cir. Mar. 8, 2023) (finding 2010 and 2015 versions of Tenn. Code Ann. § 39-13-102(a) divisible); *United States v. Cooper*, 739 F.3d 873, 880 (6th Cir. 2014) (reaching the same conclusion for a prior version of the Tennessee statute).

We also agree with the parties that Ogle was convicted under subparagraph (A). According to the charging information, guilty plea, and judgment, Ogle pleaded guilty to aggravated assault by "knowingly and feloniously caus[ing] [his victim] to reasonably fear imminent bodily injury through the use of a deadly weapon[.]" J.A. 88. We therefore conclude that Ogle was convicted of violating subparagraph (A), which criminalizes "knowingly" committing an assault that involves one of four aggravating circumstances, including "use or display of a deadly weapon." Tenn. Code Ann. § 39-13-102(a)(1)(A).

Aggravated assault under subparagraph (A) "consists of three elements: (1) *mens rea*; (2) commission of an assault as defined in 39-13-101;" and (3) an aggravating

5

circumstance.[2] *State v. Hammonds*, 30 S.W.3d 294, 298 (Tenn. 2000). The least culpable conduct that qualifies is (1) knowingly (2) causing extremely offensive or provocative physical contact with another (3) that involves the display of a deadly weapon. *See* Tenn. Code Ann. §§ 39-13-101(a)(3), 39-13-102(a)(1)(A)(iii). A deadly weapon is "[a] firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury," or "[a]nything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tenn. Code Ann. § 39-11-106(a)(5) (2014).

Even this least culpable version of aggravated assault satisfies ACCA's force clause because it has as an element the threatened use of force capable of causing physical pain or injury to another person. *See Johnson*, 559 U.S. at 140; 18 U.S.C. § 924(e)(2)(B)(i). Displaying a deadly weapon in the course of an assault is necessarily a threat of violent force. *See*, *e.g.*, *United States v. Salmons*, 873 F.3d 446, 449 (4th Cir. 2017) (reasoning that aggravating factors like "the threat or presenting of firearms, or other deadly weapon" necessarily "entail actual, attempted, or threatened use of violence against another person" (internal quotation marks omitted)). Our sister circuits agree that, for this reason, Tennessee knowing aggravated assault involves, at a minimum, the threatened use of "violent physical force." *Perez-Silvan*, 861 F.3d at 943–944 ("[W]e cannot imagine one using or displaying a deadly weapon in the course of an offensive touching without

---

[2] The parties agree that the second element is not further divisible. *See Hammonds*, 30 S.W.3d at 301–302; *Perez-Silvan*, 861 F.3d at 940–941. We need not consider if the third element is divisible, as the parties seem to assume, because each statutory aggravating circumstance involves "the use, attempted use, or threatened use of physical force." 18 U.S.C. § 924(e)(2)(B)(i).

6

threatening the use of violent force."); *Braden v. United States*, 817 F.3d 926, 933 (6th Cir. 2016) (holding that defendant's Tennessee knowing aggravated assault convictions were violent felonies); *Hollom v. United States*, 736 Fed. App. 96, 101 (6th Cir. 2018) ("[E]xtremely offensive or provocative touching, coupled with the use or display of a deadly weapon, includes an implied threat of force sufficient to constitute a crime of violence under the Sentencing Guidelines.").[3]   We now join them in holding that intentional or knowing aggravated assault in violation of Tennessee Code § 39-13-102(a)(1)(A) is a violent felony.

Ogle resists this conclusion, arguing that aggravated assault cannot be a violent felony because the second element of the crime—simple assault—requires only de minimis force.  While it is true that "[d]e minim[i]s physical force, such as mere offensive touching, is insufficient to trigger the ACCA's force clause," *Middleton*, 883 F.3d at 489, Ogle overlooks the third, aggravating, element of the offense.   Each of the aggravating circumstances listed in the statute involves the use, attempted use, or threatened use of violent physical force.  *See* Tenn. Code Ann. § 39-13-102(a)(1)(A)(i)–(iv) (requiring that the assault "[r]esults in serious bodily injury to another," "[r]esults in the death of another," "[i]nvolved the use or display of a deadly weapon," or "[i]nvolved strangulation or

---

[3] "We rely on precedents addressing whether an offense is a crime of violence under the [Sentencing] Guidelines interchangeably with precedents evaluating whether an offense constitutes a violent felony under [ACCA], as the two terms are defined in a substantively identical manner." *United States v. Carthorne*, 726 F.3d 503, 511 n.6 (4th Cir. 2013) (internal quotation marks omitted).

attempted strangulation"). This third element of aggravated assault satisfies the requirements of ACCA's force clause, which is all the categorical approach demands.

We also reject Ogle's contention that the facts underlying his aggravated assault conviction provide an example of non-violent force that satisfies the statutory elements. Ogle contends that he knowingly drove his car into a police cruiser while the deputy was inside but, because no one was seriously injured, the offense could not have involved violent force. ACCA's force clause, however, does not require that injury be an element of the crime. It requires only the use, attempted use, or threatened use of force "*capable of* causing physical pain or injury." *Johnson*, 559 U.S. at 140 (emphasis added). Moreover, Ogle has not shown any "realistic probability" that Tennessee would apply the aggravated assault statute to the slightest contact between two vehicles, as he hypothesizes. *United States v. Jones*, 914 F.3d 893, 901 (4th Cir. 2019). In his own case, which is the only example he offers, Ogle used his vehicle in such a way that it caused the deputy to reasonably fear imminent bodily injury.

Finally, Ogle's appeal to our decision in *United States v. Simmons*, 917 F.3d 312 (4th Cir. 2019), is unavailing. There, we held that the North Carolina offense of assault with a deadly weapon on a government official was not categorically a crime of violence because it could be committed with a *mens rea* of "culpable negligence." *Id.* at 321. Because Ogle's crime of conviction required proof that he acted "[i]ntentionally or knowingly," *Simmons* is inapposite. Tenn. Code. Ann. § 39-13-102(a)(1)(A).

8

In sum, we hold that a conviction for aggravated assault under Tennessee Code § 39-13-102(a)(1)(A) is categorically a violent felony.  The judgment of the district court is

*AFFIRMED*.